SEAN P. WALSH
Attorney at Law
WALSH & LEWIS PLLC
901 N. 4th Street
Coeur d'Alene, ID 83814
Telephone: (208) 415-1750
Facsimile: (208) 758-0940
Email: jessica@lawgroupcda.com
ISBN: 7235

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES M. BODAM,<br><br>Defendant. | Case No. 2:24-cr-0081-DCN<br><br>**MOTION FOR ORDER TO TRANSPORT DEFENDANT FOR DENTAL CARE** |

COMES NOW, the above-entitled Defendant, JAMES M. BODAM, by and through his attorney of record, SEAN P. WALSH of the law firm of WALSH & LEWIS PLLC, and hereby moves the Court for an order directing the U.S. Marshals Service to transport the Defendant to his prepaid dental appointments so that he can receive medically necessary care, on grounds that failure to provide transportation so that Defendant can receive this care would violate Defendant's Eighth Amendment rights.

## I. Deliberate indifference to dental care needs that causes substantial harm violates the Eighth Amendment.

The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner claiming an Eighth Amendment violation must establish, both objectively and subjectively, that particular conditions of confinement are cruel and unusual. *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991). To satisfy the objective component, a plaintiff must allege a deprivation which objectively is "sufficiently serious" to constitute an Eighth Amendment violation. *Id.* at 298. To satisfy the subjective component, a plaintiff must demonstrate that the prison official was "deliberately indifferent" to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. Deliberate indifference in this context means that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference." *Id.* at 837.

Because "a prison official's duty under the Eighth Amendment is to ensure 'reasonable safety," officials who respond reasonably have not violated the Eighth Amendment. *Id.*, at 844-45. In the context of medical needs, "an inadvertent failure to provide medical care cannot be said to constitute 'unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' " *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

In order to establish a violation of the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Only such indifference can offend "evolving standards of decency" in violation of the Eighth Amendment." *Id. at* 106. A mere "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citation and quotations omitted).

The right to adequate medical care has been extended to include dental care in some cases. The Second Circuit has held that a "claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, ... the deterioration of the teeth due to a lack of treatment, ... or the inability to engage in normal activities." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Like inadequate medical care, dental care is also governed by the deliberate indifference/serious needs analysis. *See, e.g., Board v. Farnham*, 394 F.3d 469, 481–82 (7th Cir. 2005) (finding that there could be deliberate indifference when a prisoner asked for dental supplies 15 times and was repeatedly ignored); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (holding that extreme pain and swelling caused by infected teeth would have been obvious to a layperson and thus submission of verifying medical evidence was unnecessary); *Farrow v. West*, 320 F.3d 1235, 1244–47 (11th Cir. 2003) (finding that some medical conditions are so grave, that even a few hours delay in treatment could constitute deliberate indifference); *Harrison v. Barkley*, 219 F.3d 132, 137–39 (2d Cir. 2000)

(finding that refusal to treat prisoner's tooth cavity led to a sufficiently serious need as it was a degenerative condition that could cause acute infections and pain).

To prove an Eighth Amendment violation based on a claim of inadequate dental care, a Defendant must show both deliberate indifference, like in other inadequate medical care claims, and that the denial caused "substantial harm." *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989) (holding that a three month delay in replacing dentures caused gum disease and possibly weight loss, constituting substantial harm).

**II. Despite requests for transportation or appropriate care, the U.S. Marshals Service has not provided transportation for prepaid services nor appropriate care to the Defendant.**

A letter documenting Defendant's dental needs is submitted with this motion. It is anticipated that at hearing on this motion that the evidence will show that Defendant has specifically informed the U.S. Marshals Service of his needs for his medically necessary dental care, and have refused to transport Defendant for medically necessary appointments, and have failed to provide medical care in substitution of transportation.

WHEREFORE, Defendant requests that this matter be set for hearing and that the Court order the U.S. Marshals Service to transport Defendant for his medically necessary dental care, or alternatively, that the U.S. Marshals otherwise provide the medically necessary dental care to Defendant, pursuant to 28 U.S.C. § 566(a).

DATED this 6th day of August 2024.

WALSH & LEWIS PLLC

By: */S/Sean P. Walsh*
Sean P. Walsh
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of August 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Bryce Ellsworth
Assistant United States Attorney
District of Idaho
6450 N. Mineral Drive, Suite 210
Coeur d'Alene, ID 83815

■ CM/ECF SYSTEM

*Jessica K. McGovern*
Jessica K. McGovern

AspenDental

06/03/24
Patient: James Mathew Bodam
DOB: 01/03/1977

I am writing on behalf of our patient James Mathew Bodam, to document the medical necessity for finishing the oral treatment. This letter provides information about the patient's dental history, diagnosis, and a summary of the treatment plan.

James is an edentulous patient with 8 total dental implants. Four implants in his maxillary and four implants in his mandible. He was using a maxillary and mandible interim healing denture to help him eat. He had implants completed in Mexico, but not uncovered from soft tissue.

James chose to pursue the proposed treatment plan to uncover all implants and for permanent prosthetic Zirconia Bridges upper and lower to be fabricated. His account is paid in full, and he will not be charged for any further appointments for the repair of interim dentures or final prosthetic Zirconia Bridges.

James's implants were surgically uncovered earlier this year plus interim dentures were made and attached to exposed implants.

James will need 4-6 visits from start to finish. We have not seen James since February 2024. We don't know if he has an infection, untreated infection can cause harm to his health and the implants themselves. We will evaluate him during his next visit when we repair the interim prosthetic dentures. We recommend wearing interim prosthetic dentures until bridges are completed. Our office has been informed by his Fiancé Tanya, that James currently has not been able to wear upper and lower previous interim dentures due to both breaking. Having two functioning arches is essential to good health. Left untreated; malnutrition, speech problems, TMJ disorder, and bone loss are just a few of the significant consequences of not having teeth or dentures. This could create other health issues as well.

We will do our best to ensure we do everything we can on each visit to help expedite the process.

Best Regards,

Rajeev Rugi Siddappa DDS, MS.

9405 N. Newport Hwy Suite 2
Spokane, WA 99218